

**ORDERED in the Southern District of Florida on October 29, 2025.**

Scott M. Grossman
_____
**Scott M. Grossman, Chief Judge
United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

DIVYA KHULLAR,                                Case No. 24-13663-SMG

      Debtor.                                Chapter 7

_____/

**OMNIBUS ORDER (I) GRANTING MOTION FOR RELIEF FROM
STAY AND TO COMPEL ABANDONMENT; (II) DENYING MOTION
TO ENFORCE STAY; AND (III) OVERRULING OBJECTIONS TO CLAIMS**

A dispute between attorneys Divya Khullar and Cindy Goldstein over

$4,333.33 in legal fees has spawned litigation at every level of state and federal court

in Florida: Broward County, Florida County Court;[1] Broward County, Florida Circuit

Court;[2] the Florida Fourth District Court of Appeal;[3] the Supreme Court of Florida;[4]

the United States Bankruptcy Court for the Southern District of Florida;[5] the United

---

[1] *Cindy A. Goldstein, P.A. v. Khullar*, Case No. CONO21002226 (Broward Cnty. Cnty. Ct.).
[2] *Cindy A. Goldstein, P.A. v. Khullar*, Case No. CACE22006638 (Broward Cnty. Cir. Ct.).
[3] *Khullar, v. Cindy A. Goldstein, P.A.*, Case No. 4D2024-0565 (Fla. 4th DCA).
[4] *The Florida Bar v. Khullar*, Case No. SC2023-0582 (Fla.).
[5] *In re Khullar*, Case No. 24-13663-SMG (Bankr. S.D. Fla.).

States District Court for the Southern District of Florida;[6] and the United States Court of Appeals for the Eleventh Circuit.[7] This all-out war has led to Mr. Khullar being suspended from the practice of law, being sanctioned under Rule 11 of the Federal Rules of Civil Procedure, being threatened with criminal contempt, having a nearly half-a-million dollar attorneys' fees and costs judgment entered against him, and having had this Court determine that that judgment is not dischargeable in bankruptcy.

Subject only to his filing a certificate showing that he has completed a required course on personal financial management[8] – an act entirely within his control – Mr. Khullar is due to receive a discharge of his other debts.[9] Upon granting of that discharge, the automatic stay will terminate[10] and Mr. Khullar and Ms. Goldstein[11] will be free to continue litigating over this non-dischargeable debt in any non-bankruptcy forum of their choosing. The only things left to accomplish in this chapter 7 bankruptcy case are for the trustee to collect and liquidate estate assets (including litigation claims against third parties), for the Court to determine the allowed amount of any disputed proofs of claim, and for the trustee to then make a distribution to creditors. Insofar as it concerns Mr. Khullar's pursuit of a discharge and this Court's determination of which debts are dischargeable, however, this case is essentially over.

---

[6] *Khullar v. Goldstein*, Case No. 0:24-cv-62170-DSL (S.D. Fla.).

[7] *Khullar v. Goldstein*, Case Nos. 25-11131 and 25-11031 (11th Cir.).

[8] *See* 11 U.S.C. § 727(a)(11); Fed. R. Bankr. P. 4004(c)(1)(H); Fed. R. Bankr. P. 1007(b)(7).

[9] Mr. Khullar has otherwise been eligible to receive a discharge since August 1, 2025. *See* Dkt. No. 187.

[10] 11 U.S.C. § 362(c)(2)(C).

[11] Because Ms. Goldstein and her law firm, Cindy A. Goldstein, P.A. have asserted essentially the same claims and arguments, the Court will refer to them collectively as Ms. Goldstein.

Pending before the Court now are the following contested matters:

- Ms. Goldstein's motion for retroactive relief from the automatic stay to allow continued litigation of claims initiated by Mr. Khullar in the United States District Court for the Southern District of Florida (whose rulings are now on appeal before the United States Court of Appeals for the Eleventh Circuit), to compel the trustee to abandon those claims to Mr. Khullar, and to allow continued litigation of related state court appellate proceedings;[12]

- Mr. Khullar's motion to enforce the automatic stay as to state court contempt proceedings against him;[13]

- Mr. Khullar's objection to proof of claim number 7 filed by Ms. Goldstein;[14] and

- Mr. Khullar's objections to proofs of claim numbers 2, 3, and 4, filed by Mark W. Rickard, P.A. dba Law Guard.[15]

For the reasons discussed below, the Court will (1) grant Ms. Goldstein's motion for stay relief and to compel abandonment, (2) deny Mr. Khullar's motion to enforce the automatic stay, and (3) overrule Mr. Khullar's objections to claims.

## I.    Stay Relief and Abandonment.

Ms. Goldstein seeks relief from the automatic stay under 11 U.S.C. § 362(d) for cause, to allow litigation with Mr. Khullar in both state and federal courts to resume. Ms. Goldstein also requests that the automatic stay be retroactively annulled to validate actions previously taken in District Court, where Mr. Khullar – in violation of the automatic stay in his own case – had commenced an action against Ms. Goldstein and others. Ms. Goldstein also requests that the chapter 7 trustee, Kenneth A. Welt, be compelled to abandon the claims Mr. Khullar had asserted in

---

[12] Dkt. No. 215.
[13] Dkt. No. 220.
[14] Dkt. No. 193.
[15] Dkt. No. 194.

violation of the stay. The trustee does not object to the requested relief. Mr. Khullar consents to retroactive stay relief to continue with the federal court litigation, but only after resolution of the other matters addressed by this Order. He objects, however, to stay relief to continue with the state court litigation and to compelling the trustee to abandon the estate's litigation claims.[16]

Mr. Khullar also filed his own motion to enforce the automatic stay and for an award of damages under 11 U.S.C. § 362(k) for willful violation of the stay with respect to state court contempt proceedings against him. He argues that these proceedings constitute continuation of an action to collect a pre-petition debt, which is stayed under 11 U.S.C. § 362(a). Ms. Goldstein and the Florida state attorney's office argue that these are criminal contempt proceedings that are not subject to the automatic stay.[17]

When a debtor files a bankruptcy petition, 11 U.S.C. § 362(a) provides an automatic stay of collection action by creditors.[18] It is this aspect of the stay that an individual chapter 7 debtor often seeks to enforce against creditors.[19] But the automatic stay also stays "any act to obtain possession of property of the estate or of property from the estate *or to exercise control over property of the estate*."[20] This aspect

---

[16] Dkt. No. 229.

[17] *See* 11 U.S.C. § 362(b)(1) (the automatic stay does not apply to "the commencement or continuation of a criminal action or proceeding against the debtor").

[18] 11 U.S.C. § 362(a)(1), (2), (5), (6), (7).

[19] *See* 11 U.S.C. § 362(k)(1) ("an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.").

[20] 11 U.S.C. § 362(a)(3) (emphasis added).

of the stay – as ironic as it may sound – may often be violated *by* an individual debtor, against whom the trustee may seek to enforce it.

This is because under 11 U.S.C. § 541(a), the filing of a bankruptcy petition creates an estate comprised of all property the debtor owned as of the petition date. Upon the filing of a chapter 7 bankruptcy case, a trustee is then automatically appointed.[21] And under 11 U.S.C. § 323, the trustee is the representative of the estate. Thus, if as of the petition date the debtor had the right to assert a litigation claim against any entity, that litigation claim (regardless of its strength or weakness) becomes property of the bankruptcy estate. The trustee then becomes the sole entity that can control, pursue, litigate, sell, settle, abandon, or otherwise dispose of that claim. In other words, the trustee – and only the trustee – has standing to bring that claim. When the debtor – after he has filed for bankruptcy – pursues or continues to pursue a claim that existed as of his petition date, he lacks standing to do so and his action violates the automatic stay as an act to exercise control over property of the estate.[22]

Here, Mr. Khullar filed a chapter 11 bankruptcy petition on April 17, 2024.[23] In a chapter 11 case, a debtor initially becomes a debtor-in-possession, which has the rights and powers of a trustee.[24] Thus, when his case was a chapter 11 case, Mr. Khullar – as debtor-in-possession – had the right to assert litigation claims on behalf of his estate. But after his case was converted to a chapter 7 case on September

---

[21] 11 U.S.C. §§ 701, 702(d).
[22] *See* 11 U.S.C. § 362(a)(3).
[23] Dkt. No. 1.
[24] 11 U.S.C. §§ 1101(1), 1107(a).

13, 2024[25] and a trustee was appointed,[26] Mr. Khullar no longer controlled these claims. Instead, the trustee did.

A.    The District Court Action.

Notwithstanding that he lacked the authority to do so, on November 15, 2024 – after his bankruptcy case was converted to chapter 7 and a trustee was appointed – Mr. Khullar filed a twelve-count complaint against Cindy A. Goldstein, Cindy A. Goldstein, P.A., Sandy R. Topkin, Mark Rickard, and Mark Rickard, P.A. in the United States District Court for the Southern District of Florida.[27] In this action, Mr. Khullar purported to assert civil rights claims under 42 U.S.C. §§ 1983, 1985, and 1986; affirmative claims for violation of the automatic stay under 11 U.S.C. § 362 and for contempt of court; claims for common law fraud; claims for conspiracy to commit mail and wire fraud under 18 U.S.C. § 371 (a criminal law statute); claims for tortious interference, defamation, intentional infliction of emotional distress, and slander per se; and a claim seeking a preliminary injunction. Other than defendant Mark Rickard – who raised as an affirmative defense Mr. Khullar's lack of standing[28] – no party to the District Court action sought to dismiss Mr. Khullar's complaint for lack of standing or for having been brought in violation of the automatic stay. Nor did Ms. Goldstein, the trustee, or any other party raise this stay violation in this Court

---

[25] Dkt. No. 71,
[26] Dkt. Nos. 72, 77.
[27] *Khullar v. Goldstein*, Case No. 0:24-cv-62170-DSL (S.D. Fla.).
[28] *Id.*, Dkt. No. 41, at 5, 7, 9, 10, 13, 16, 19, 23.

until well after the District Court had dismissed Mr. Khullar's claims[29] and imposed Rule 11 sanctions against him.[30]

In this Circuit, however, acts taken in violation of the automatic stay are generally void.[31] But under 11 U.S.C. § 362(d)(1), for cause a court may grant relief from the automatic stay, including by terminating, *annulling*, modifying, or conditioning the stay. As the Eleventh Circuit recently held, annulment of the stay "is a statutory power granted to bankruptcy courts by Congress, which allows them to 'grant retroactive relief from the automatic stay' and 'validate action taken' while the stay was in effect."[32] Because Mr. Khullar, Ms. Goldstein, and the trustee all do not object, the Court will grant Ms. Goldstein's motion for retroactive stay relief.[33]

But granting retroactive stay relief is only one side of the coin here. The action complained of – Mr. Khullar asserting claims he had no right to bring – also requires the trustee to abandon those claims to Mr. Khullar. Under 11 U.S.C. § 554(b), "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that

---

[29] *Id.*, Dkt. No. 43.

[30] *Id.*, Dkt. Nos. 57, 92.

[31] *In re Patel*, 142 F.4th 1313, 1320 (11th Cir. 2025) (quoting *United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006)).

[32] *Patel*, 142 F.4th at 1321 (quoting *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984)).

[33] In addition to granting retroactive stay relief, there is also cause for prospective stay relief. The Court has already determined that Mr. Khullar's debt to Ms. Goldstein is not dischargeable. Once Mr. Khullar files a certificate of completion of the required financial management course, his discharge will issue and the automatic stay will terminate as a matter of law. *See* 11 U.S.C. § 362(c)(2)(C). As a result, Mr. Khullar and Ms. Goldstein will be free to continue litigating whenever and wherever they wish. Granting stay relief now thus leaves the parties where they would be if Mr. Khullar had fulfilled his obligation to complete the required financial management course and file the certificate of completion. In other words, by delaying doing so, Mr. Khullar has effectively delayed termination of the automatic stay. The Court will not reward this dilatory conduct and will instead put the parties where they would be if Mr. Khullar had done what he was required to do.

is of inconsequential value and benefit to the estate."[34] Ms. Goldstein argues that the claims asserted by Mr. Khullar in the District Court action arise out of what even Mr. Khullar admits are pre-petition events and therefore are property of his bankruptcy estate under 11 U.S.C. § 541(a). She further argues that these claims should be abandoned to minimize the burden on the bankruptcy estate and to eliminate any exposure the bankruptcy estate could have by continuing to pursue claims that the District Court has already ruled to be not only meritless, but frivolous.[35] Although Mr. Khullar consents to retroactive stay relief, he objects to abandonment. But the trustee – who owns these claims – does not object to abandonment.[36] Because courts "generally defer to a Trustee's exercise of business judgment in determining whether to abandon an estate asset,"[37] the Court will do so here and compel the trustee to abandon these claims to Mr. Khullar.

     B.     <u>The State Court Litigation</u>.

     1.     *The State Court Appeal*.

The Court discussed the history of state court litigation between Mr. Khullar and Ms. Goldstein in its *Order Granting in Part and Denying in Part Motion for Summary Judgment* in Adversary No. 24-1337.[38] The result of that state court litigation was a judgment against Mr. Khullar (and two non-debtor corporations he owned and controlled) for over $440,000 – more than 10,000% of the amount at issue.

---

[34] 11 U.S.C. § 554(b).
[35] *Khullar v. Goldstein*, Case No. 0:24-cv-62170-DSL (S.D. Fla.), Dkt. No. 57.
[36] Dkt. No. 227, at ¶ 7.
[37] *In re Culligan Ltd.*, 2023 WL 5942498, at *12 (Bankr. S.D.N.Y. 2023) (quoting *In re Crockett*, 642 B.R. 97, 101 (Bankr. D. Conn. 2022)).
[38] *In re Khullar*, 2025 WL 1507748, at *1–3 (Bankr. S.D. Fla. 2025).

Mr. Khullar appealed that judgment, and that appeal was still pending before the Florida Fourth District Court of Appeal when Mr. Khullar filed for bankruptcy. This Court had previously ruled that the automatic stay did not apply to the two non-debtor entities owned and controlled by Mr. Khullar – Khullar, P.A. and Khullar Law, PLLC.[39] Thus that appeal was permitted to proceed as to those two entities.

Ms. Goldstein now seeks stay relief to permit the state court appeal to proceed as to Mr. Khullar individually as well. Mr. Khullar opposes this request, alleging that the state court proceedings are biased and violate his due process rights. But for the same reasons discussed above, the Court will grant stay relief to permit the state court appeal to proceed as to Mr. Khullar individually as well. The Court has already determined that Mr. Khullar's debt to Ms. Goldstein is non-dischargeable. Once Mr. Khullar files a certificate of completion of the required financial management course, he will then receive a discharge of his other debts and the automatic stay will terminate as a matter of law.[40] Delaying stay relief at this juncture would only reward Mr. Khullar's dilatory conduct in not completing the financial management course and filing a certificate of completion. The Court declines to do that here. Thus, stay relief will also be granted to permit the state court appeal to proceed as to Mr. Khullar.

2.    *State Court Contempt Proceedings.*

During the state court litigation, Mr. Khullar allegedly made material misrepresentations to the state court, which resulted in a criminal contempt

---

[39] Dkt. Nos. 38, 100.
[40] *See* 11 U.S.C. § 362(c)(2)(C).

proceeding against him. Mr. Khullar now seeks entry of an order determining that the state court contempt proceedings violate the automatic stay and enjoining their continued prosecution.[41] Ms. Goldstein objects, arguing that 11 U.S.C. § 362(b)(1) excludes from the automatic stay criminal proceedings or actions against a debtor.

Whether a "criminal" contempt proceeding falls under section 362(b)(1) is not always a straightforward inquiry. The textbook distinction is that contempt is civil if the sanction "is remedial, and for the benefit of the complainant" and criminal if the sanction "is punitive, to vindicate the authority of the court."[42] But a contempt proceeding "is either civil or criminal by virtue of its *character and purpose*, rather than based on the label it has been given."[43] As explained by the Supreme Court:

> The paradigmatic coercive, civil contempt sanction . . . involves confining a contemnor indefinitely until he complies with an affirmative command such as an order to pay alimony, or to surrender property ordered to be turned over to a receiver, or to make a conveyance. . . . Imprisonment for a fixed term similarly is coercive when the contemnor is given the option of earlier release if he complies. . . . In these circumstances, the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus carries the keys of his prison in his own pocket. . . .
>
> By contrast, a fixed sentence of imprisonment is punitive and criminal if it is imposed retrospectively for a completed act of disobedience . . . such that the contemnor cannot avoid or abbreviate the confinement through later compliance. . . . When a contempt involves the prior conduct of an isolated, prohibited act, the resulting sanction has no

---

[41] Dkt. No. 220.

[42] *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827–28 (1994) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911)).

[43] *Ampersand Publ'g, LLC v. Nat'l Lab. Rels. Bd.*, 2023 WL 6879887, at *8 (D.D.C. 2023) (emphasis added) (cleaned up) (quoting *Cobell v. Norton*, 334 F.3d 1128, 1145 (D.C. Cir. 2003)).

coercive effect. The defendant is furnished no key, and he cannot shorten the term by promising not to repeat the offense.[44]

The distinction is important because "criminal contempt sanctions are entitled to *full criminal process.*"[45]

Mr. Khullar failed to supply the Court with a sufficient record from which to determine whether the state contempt proceeding is civil or criminal. But an assistant state attorney appeared at the September 10, 2025 hearing and argued that Mr. Khullar's alleged offense was lying to the court, which is a completed act of disobedience that cannot be purged; that Mr. Khullar was arraigned; that a public defender was appointed by the state court to represent Mr. Khullar; and that Mr. Khullar faces nearly 6 months in jail as a sanction.

Mr. Kullar did not directly refute any of these allegations. Instead, he argued that if he is permitted to relitigate Ms. Goldstein's claim in this Court and prevails, then he will ultimately have no liability to Ms. Goldstein and therefore cannot be held in contempt of court (even criminal contempt) related to her claim against him. This argument, however, fails to sustain Mr. Khullar's burden to make a prima facie showing that the state court, the state attorney, or Ms. Goldstein have willfully violated the automatic stay.[46] Indeed, it appears based on the arguments of the assistant state attorney that these proceedings are in fact criminal and not civil – and as such would be excepted from the automatic stay under 11 U.S.C. § 362(b)(1). But

---

[44] *Bagwell*, 512 U.S. at 828–29 (cleaned up).
[45] *Id.* at 833 (emphasis added).
[46] *See Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1556 (11th Cir. 1996) (the moving party bears the burden to make a prima facie showing that the automatic stay has been violated).

because Mr. Khullar failed to make even a prima facie showing, his motion to enforce the automatic stay will be denied.

Given the current posture of Mr. Khullar's bankruptcy case, however, to the extent the automatic stay might apply to these contempt proceedings (the Court is not determining that it does), cause nevertheless exists to grant stay relief to permit these proceedings to proceed. Again, the only thing standing between issuance of a discharge to Mr. Khullar and termination of the automatic stay is his failure to file a certificate of completion of the required financial management course – something completely in his control. That is reason enough to grant stay relief to permit these state court contempt proceedings relating to a non-dischargeable debt – even if they were civil and not criminal – to proceed.

## II.    Claim Objections.

Under 11 U.S.C. § 502(a), a proof of claim is deemed allowed unless a party in interest objects. In most chapter 7 bankruptcy cases, an individual debtor is usually not considered a party in interest with standing to object to proofs of claim.[47] This is because where there are insufficient assets to pay all costs of administration and all creditors in full, the individual debtor will not stand to recover anything from the case. But in cases where there are sufficient assets to pay all creditors in full (which is not the case here), or where the court has determined certain debts to be

---

[47] *In re Eriksen*, 647 B.R. 192, 194 (Bankr. N.D. Ohio 2022) ("Debtors do not automatically have standing to object to claims in Chapter 7 cases.").

nondischargeable (which *is* the case here), "the debtor has a direct pecuniary interest in the outcome of the action" and therefore has standing to object to claims.[48]

Here, because the Court has already determined that Ms. Goldstein's claim is nondischargeable, Mr. Khullar has a direct pecuniary interest in the outcome of these claim objections. He therefore is a party in interest with standing to object to claims. Specifically, because Ms. Goldstein's claim is nondischargeable and survives the bankruptcy case, it is in Mr. Khullar's interests to object to other claims. If successful, Ms. Goldstein will receive a greater distribution on her claim from the bankruptcy estate, which in turn will reduce the balance of her nondischargeable claim that she may continue to pursue notwithstanding Mr. Khullar's bankruptcy discharge. As for Ms. Goldstein's claim itself, as discussed below, Mr. Khullar is precluded for other reasons from contesting that claim. Lack of standing, however, is not one of them.

A.    Ms. Goldstein's Claim.

Mr. Khullar argues that Ms. Goldstein's $462,694.87 claim is unenforceable, excessive, and tainted by fraud and due process violations. Specifically, Mr. Khullar argues that Ms. Goldstein lacked standing to seek fees in state court because no valid retainer agreement or client consent existed and because the purported sale of a law practice violated Florida Bar rules. He further alleges that the underlying state court proceedings were riddled with misconduct, including coercion, fabricated evidence, improper fee awards disproportionate to the settlement at issue, and continued collection efforts in violation of the automatic stay. The objection also alleges Rule

---

[48] *In re O'Donnell*, 2005 WL 1279268, at *6 (B.A.P. 6th Cir. 2005); *see also In re Diget*, 2022 WL 626941, at *2 (Bankr. N.D. Ga. 2022).

9011 violations, arguing that Ms. Goldstein did not make a reasonable inquiry before filing her claim, and that she pursued her claim for improper purposes.[49] Mr. Khullar requests that the Court disallow Ms. Goldstein's claim in whole or in part and set an evidentiary hearing to address these issues.

Ms. Goldstein argues that Mr. Khullar's objection should be overruled based on lack of standing, res judicata, collateral estoppel, and under the *Rooker-Feldman* doctrine. First as to standing, as discussed above, because the Court has determined that Ms. Goldstein's claim is nondischargeable, Mr. Khullar would – generally speaking – have standing to object to it. Thus, standing is not a basis in this case to overrule Mr. Khullar's objection to Ms. Goldstein's claim.

Res judicata and collateral estoppel, however, do require the Court to overrule Mr. Khullar's objection. Res judicata – or claim preclusion – is a doctrine that promotes judicial economy by "giving finality to parties who have already litigated a claim."[50] It "facilitates 'the conclusive resolution of disputes' by reducing 'the expense and vexation attending multiple lawsuits, conserving judicial resources, and fostering reliance on judicial action by minimizing the possibility of inconsistent decisions.'"[51] Where it applies, "[r]es judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding."[52] Under 28 U.S.C. § 1738 – known as "The

---

[49] *See* Fed. R. Bankr. P. 9011.

[50] *In re Atlanta Retail, Inc.*, 456 F.3d 1277, 1284 (11th Cir. 2006); *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) ("Res judicata is a judicially crafted doctrine, created to provide finality and conserve resources.").

[51] *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116–17 (11th Cir. 2010) (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979) (cleaned up)).

[52] *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (citing *Citibank, N.A. v. Data Lease Financial Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990)).

14

Full Faith and Credit Act,"[53] which was enacted by the very first Congress in 1790 – federal courts must "'give the same preclusive effect to a state-court judgment as another court of that State would give.'"[54]

The Full Faith and Credit Act requires federal courts "to refer to the preclusion law of the State in which judgment was rendered."[55] Under Florida law, "a final judgment in a court of competent jurisdiction is absolute and settles all issues actually litigated in a proceeding as well as those issues that could have been litigated."[56] To apply res judicata under Florida law, there must be: "[1] A judgment on the merits rendered in a former suit between [2] the same parties or their privies, [3] upon the same cause of action, [4] by a court of competent jurisdiction."[57] If all four of these elements are met, then the judgment "is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action."[58]

Res judicata applies here and bars Mr. Khullar's objection to Ms. Goldstein's claim. The February 19, 2024 *Final Judgment for Plaintiffs, Cindy A. Goldstein, P.A. and Cindy Goldstein, and Against Defendants, Khullar, P.A., Divya Khullar, and Khullar Law, PLLC* in favor of Ms. Goldstein and against Mr. Khullar in the amount of $440,649.56 is (1) a final judgment on the merits rendered in a former suit between

---

[53] Ch. 11, 1 Stat. 122 (1790).

[54] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (quoting *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986)).

[55] *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).

[56] *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246, 1259 (Fla. 2006).

[57] *Id.* (quoting *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001)).

[58] *Id.* (quoting *Juliano*, 801 So. 2d at 105).

(2) the same parties (3) upon the same cause of action that is at issue in the objection to claim, (4) from the Broward County Circuit Court, a court of competent jurisdiction. Accordingly, Mr. Khullar's objection to Ms. Goldstein's claim will be overruled based on res judicata.

Collateral estoppel – or issue preclusion – also applies here. This doctrine "bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a 'full and fair opportunity' to litigate that issue in an earlier case."[59] Again applying Florida law,[60] Mr. Khullar is precluded from contesting the validity of Ms. Goldstein's claim if:

(1)    the identical issue was presented in the prior proceeding;

(2)    the issue was a critical and necessary part of the prior determination;

(3)    there was a full and fair opportunity to litigate the issue;

(4)    the parties to the prior action were identical to the parties of the current proceeding; and

(5)    the issue was actually litigated.[61]

The Broward County Circuit Court's February 19, 2024 final judgment satisfies all these elements as well. The identical issue was presented – Mr. Khullar's liability for the disputed attorneys' fees between him and Ms. Goldstein, plus the fees and costs awarded as a litigation sanction. The issue determined was a critical and necessary part of the state court's determination. Although Mr. Khullar contests this, the record reflects that there was a full and fair opportunity to litigate the issue. The

---

[59] *In re St. Laurent*, 991 F.2d 672, 675 (11th Cir. 1993), *as corrected on reh'g* (June 22, 1993) (quoting *Allen v. McCurry*, 449 U.S. 90, 95 (1980)).

[60] *Khullar*, 2025 WL 1507748, at *4 (citing *In re Harris*, 3 F.4th 1339, 1344 (11th Cir. 2021); *St. Laurent*, 991 F.2d at 675; *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991)).

[61] *Id.* (quoting *Thakkar v. Good Gateway, LLC*, 351 So. 3d 192, 195 (Fla. 5th DCA 2022) (cleaned up)).

parties were identical. And, again, while Mr. Khullar contests this, the record reflects that the issue was actually litigated. Accordingly, based on the state court's February 19, 2024 final judgment, Mr. Khullar is collaterally estopped from contesting the validity of Ms. Goldstein's claim.

The *Rooker-Feldman* doctrine,[62] on the other hand, does not apply here because the state court final judgment was still subject to appeal as of the petition date. Unlike collateral estoppel and res judicata – which have a preclusive effect under Florida law notwithstanding a pending appeal[63] – the *Rooker-Feldman* doctrine does not apply "when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action that complains of injuries caused by the state court judgment and invites review and rejection of that judgment."[64] Accordingly, based on res judicata and collateral estoppel – but not for lack of standing or under *Rooker-Feldman* – Mr. Khullar's objection to Ms. Goldstein's claim must be overruled.

B.    <u>Mr. Rickard's Claims.</u>

Mr. Khullar also objects to claim numbers 2, 3, and 4 filed by Mark W. Rickard, P.A. dba Law Guard, arguing they are unenforceable under 11 U.S.C. § 502(b). Claim number 2 is for $3,228.79 based on a Broward County Circuit Court February 4, 2022

---

[62] *See Nicholson v. Shafe*, 558 F.3d 1266, 1279 (11th Cir. 2009); *see also Behr v. Campbell*, 8 F.4th 1206, 1214 (11th Cir. 2021) (describing *Rooker-Feldman* as "a limited doctrine that applies only when litigants try to appeal state court losses in the lower federal courts."); *In re Adams*, 151 F.4th 144, 152 (3d Cir. 2025) (describing *Rooker-Feldman* as a "narrow rule" with "narrow application," which "does not 'supersede the ordinary application of preclusion law' when a plaintiff relitigates a matter decided in another forum.") (quoting *Exxon Mobil*, 544 U.S. at 281) (cleaned up)).

[63] *CCB, LLC v. BankTrust*, 552 F. App'x 963, 965 (11th Cir. 2014) (citing *Reese v. Damato*, 44 Fla. 692, 698 (1902)).

[64] *Nicholson*, 558 F.3d at 1279.

*Final Judgment on Court Sanctions*, plus interest thereon. Claim number 3 is for $23,849.07 based on a Broward County Circuit Court August 16, 2023 *Amended Judgment for Costs and Attorney Fees (Correcting Scrivener's Error)*, plus interest thereon. Claim number 4 is for $7,921.70, which is an unliquidated amount based on a Broward County Circuit Court December 7, 2023 *Order on Mark W. Rickard, P.A.'s Motion for Sanctions*. In his objections, Mr. Khullar argues that these claims – which arise from state court sanctions judgments – were tainted by due process violations, fraud, and lack of factual or legal basis, including reliance on a contested certificate of service, denial of discovery, and the alleged submission of a doctored email. Mr. Khullar further contends the sanctions constitute non-compensatory penalties, include excessive and unreasonable fees, and reflect external influence, including Mr. Rickard's alleged admission of pursuing the litigation to harm him. Mr. Khullar seeks full disallowance of the claims or alternatively, reconsideration under 11 U.S.C. § 502(j) for cause, citing fraud, procedural irregularities, and inequity.[65]

Mr. Rickard argues in his response[66] that the claims are supported by final state court judgments and that Mr. Khullar's objections to Mr. Rickard's claims are barred by res judicata, as the same issues of liability and damages were litigated to conclusion in state court. But an even more fundamental issue requires the objections to be overruled. Under 11 U.S.C. § 502(a), a properly and timely filed proof of claim is deemed allowed, unless a party in interest objects.[67] If a party objects, the Court is

---

[65] Section 502(j) – which permits a court to reconsider for cause a claim that has been allowed or disallowed – does not apply here. Aside from its prima facie validity, *see* Fed. R. Bankr. P. 3001(f), Mr. Rickard's claims have not previously been allowed or disallowed.

[66] Dkt. No. 196.

[67] 11 U.S.C. § 502(a).

then required to determine the amount of the claim and allow the claim in the amount determined (subject to certain exceptions not applicable here).[68] Under Federal Rule of Bankruptcy Procedure 3001(f), a properly filed proof of claim constitutes "prima facie evidence of the claim's validity and amount."[69] When an objection to a proof of claim is filed, "the burden then shifts to the objecting party to come forward with enough substantiations to overcome the claimant's prima facie case."[70] "If the objecting party overcomes the prima facie case, then the burden of proof falls to the party that would bear the burden outside of bankruptcy."[71]

Nothing in Mr. Khullar's objections offers enough substantiations to overcome the prima facie validity of these claims. Claims number 2 and 3 are completely liquidated claims based on final state court judgments.[72] Those orders were issued by a court of competent jurisdiction and were final and appealable. Both Mr. Rickard and Mr. Khullar were involved in the state court action in which these orders were entered. And finally, Mr. Khullar's objections to these claims raise issues that were raised – or could have been raised – in the state court proceeding and which the state court already decided. As such, Mr. Khullar's objections to claims number 2 and 3 will be overruled based on res judicata as well.

---

[68] 11 U.S.C. § 502(b).

[69] Fed. R. Bankr. P. 3001(f).

[70] *In re Walston*, 606 F. App'x 543, 546 (11th Cir. 2015) (cleaned up) (quoting *Benjamin v. Diamond (In re Mobile Steel Co.)*, 563 F.2d 692, 701 (5th Cir. 1977)); *see In re Allegheny Intern., Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.").

[71] *Walston*, 606 F. App'x at 546 (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20 (2000); 9 COLLIER ON BANKRUPTCY ¶ 3001.09[2] (16th ed. 2015)).

[72] The orders were issued in *Miller v. Hoste*, Case No. CACE-15-001694 (Broward Cnty. Cir. Ct.).

As for claim number 4, it too is based on a final and appealable order from a court of competent jurisdiction involving the same parties and the same cause of action. The only difference is that claim number 4 was unliquidated as of the petition date. Attached to claim number 4, however, was an *Affidavit of Costs and Attorneys' Fees Related to Sanctions* dated December 8, 2023, together with supporting receipts for expenses and time records for attorneys' fees. Although unliquidated as of the petition date, nothing in Mr. Khullar's objection to this claim overcomes its prima facie validity. Moreover, based on the Court's own review of the expenses and attorney time records, the Court determines the amounts requested to be reasonable.[73] Accordingly, based on both res judicata and the failure of Mr. Khullar to sustain his burden to overcome the claim's prima facie validity, Mr. Khullar's objection to claim number 4 will be overruled as well.

## III.    Conclusion.

For the foregoing reasons, it is **ORDERED** that:

1.      Creditors Cindy A. Goldstein and Cindy A. Goldstein, P.A.'s *(I) Motion for Relief from the Automatic Stay With Respect to District Court Action and State Court Appeal, and (II) Motion to Compel Abandonment*[74] is **GRANTED**.

---

[73] *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1090 (11th Cir. 2022) ("Courts are considered experts on the reasonableness of the number of hours expended and the hourly rates requested. Indeed, a district court 'may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1302–03 (11th. Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)))); *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam).

[74] Dkt. No. 215.

2.      Pursuant to 11 U.S.C. § 362(d)(1), the automatic stay of 11 U.S.C. § 362(a) is **ANNULLED** effective as of November 15, 2024 with respect to the federal civil action styled *Khullar v. Goldstein*, Case No. 0:24-cv-62170-DSL (S.D. Fla.) (the "District Court Action").

3.      Pursuant to 11 U.S.C. § 554(b), all of the estate's right, title, and interest in and to any claims that were asserted or could have been asserted in the District Court Action are **ABANDONED** to the Debtor, Divya Khullar.

4.      Pursuant to 11 U.S.C. § 362(d)(1), the automatic stay of 11 U.S.C. § 362(a) is **TERMINATED** with respect to the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding by Cindy A. Goldstein and Cindy A. Goldstein, P.A. against Divya Khullar with respect to Divya Khullar's debt to Cindy A. Goldstein and Cindy A. Goldstein, P.A. pursuant to the February 19, 2024 *Final Judgment for Plaintiffs, Cindy A. Goldstein, P.A. and Cindy Goldstein, and Against Defendants, Khullar, P.A., Divya Khullar, and Khullar Law, PLLC* entered in *Cindy A. Goldstein, P.A., et al. v. Khullar, P.A., et al.*, Case No. CACE22006638, in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (the "Non-Dischargeable Debt"), including without limitation the appeal styled *Khullar, v. Cindy A. Goldstein, P.A.*, Case No. 4D2024-0565 (Fla. 4th DCA), and any other related appeals.

5.      Pursuant to 11 U.S.C. § 362(d)(1), the automatic stay of 11 U.S.C. § 362(a) is **TERMINATED** with respect to the enforcement by Cindy A. Goldstein and Cindy A. Goldstein, P.A. of the Non-Dischargeable Debt against Divya Khullar.

6.    Pursuant to 11 U.S.C. § 362(d)(1), the automatic stay of 11 U.S.C. § 362(a) is **TERMINATED** with respect to any act by Cindy A. Goldstein and Cindy A. Goldstein, P.A. to create, perfect, or enforce against property of Divya Khullar (but not against property of the estate) any lien to the extent that such lien secures the Non-Dischargeable Debt.

7.     Pursuant to 11 U.S.C. § 362(d)(1), the automatic stay of 11 U.S.C. § 362(a) is **TERMINATED** with respect to any act by Cindy A. Goldstein and Cindy A. Goldstein, P.A. to collect, assess, or recover the Non-Dischargeable Debt.

8.    Pursuant to 11 U.S.C. § 362(d)(1), the automatic stay of 11 U.S.C. § 362(a) is **TERMINATED** with respect to the setoff by Cindy A. Goldstein and Cindy A. Goldstein, P.A. of any debt owing to Divya Khullar that arose before the commencement of this case against the Non-Dischargeable Debt.

9.    Debtor Divya Khullar's *Verified Motion to Enforce the Automatic Stay Pursuant to 11 U.S.C. § 362 and for Damages for Willful Violation Thereof Under 11 U.S.C. § 362(k)*[75] is **DENIED**.

10.    Pursuant to 11 U.S.C. § 362(d)(1), the automatic stay of 11 U.S.C. § 362(a) is **TERMINATED** with respect to any and all contempt proceedings – both civil and criminal – in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, including without limitation any contempt proceedings related in any way to the Non-Dischargeable Debt.

---

[75] Dkt. No. 220.

11.     Divya Khullar's objection[76] to Claim No. 7 filed by Cindy A. Goldstein and Cindy A. Goldstein, P.A. is **OVERRULED**.

12.     Claim No. 7 is **ALLOWED** as filed as a general unsecured claim in the amount of $462,694.87.

13.     Divya Khullar's objections[77] to Claim Nos. 2, 3, and 4, filed by Mark W. Rickard, P.A. dba Law Guard, are **OVERRULED**.

14.     Claim No. 2 is **ALLOWED** as filed as a general unsecured claim in the amount of $3,228.79.

15.     Claim No. 3 is **ALLOWED** as filed as a general unsecured claim in the amount of $23,849.07.

16.     Claim No. 4 is **ALLOWED** as filed as a general unsecured claim in the amount of $7,921.70.

### # # #

*Copies furnished to all counsel of record via CM/ECF and by the Clerk of Court to:*

Divya Khullar
2136 NE 27th Court
Lighthouse Point, FL 33064

---

[76] Dkt. No. 193.
[77] Dkt. No. 194.